Filed 1/23/24  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | C097319 |
| v. | (Super. Ct. No. 21FE012297) |
| JOSIAH DAVIS et al., | |
| Defendants and Respondents. | |

The People charged defendants Josiah Davis and Demetrius Perry with carrying a firearm concealed in a vehicle (Pen. Code, § 25400, subd. (a)(1))[1] and carrying a loaded firearm while in a public place (§ 25850, subd. (a)).  The trial court, however, sustained defendants' demurrers to the information.  Although there was no assertion that either defendant had applied for a concealed-carry license, the trial court concluded that because having a concealed-carry license would be a defense to the charged crimes, and California's concealed-carry licensing statutes at that time included a requirement that the applicant show good cause to obtain a license in violation of the Second Amendment right to keep and bear arms, it was appropriate in this case to dismiss the firearm-carrying charges.  The People appeal.

---

[1] Undesignated statutory references are to the Penal Code.

1

We conclude the trial court erred. The prohibition on carrying a concealed weapon under section 25400 does not violate the Second Amendment regardless of whether the licensing scheme was unconstitutional during the relevant time period. (*People v. Miller* (2023) 94 Cal.App.5th 935 (*Miller*).) And the crime of carrying a loaded firearm in public under section 25850 does not violate the Second Amendment because the unconstitutionality during the relevant time period of discrete licensing requirements does not render section 25850 facially unconstitutional. (*People v. Mosqueda* (2023) 97 Cal.App.5th 399, 403, 413-414 (*Mosqueda*).)

We will reverse the judgment and remand the matter to the trial court with directions to overrule defendants' demurrers to the information.

BACKGROUND

Section 25400, subdivision (a)(1) provides that a person is guilty of carrying a concealed weapon if the person "[c]arries concealed within any vehicle that is under the person's control or direction any pistol, revolver, or other firearm capable of being concealed upon the person." Section 25400 does not apply if the person has a concealed-carry license. (§ 25655.)

Section 25850, subdivision (a) provides: "A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city, city and county, or in any public place or on any public street in a prohibited area of an unincorporated area of a county or city and county." Again, section 25850 does not apply if the person has a concealed-carry license. (§ 26010.)

Former section 26150, one of the concealed-carry licensing statutes, provided:

"When a person applies for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county may issue a license to that person upon proof of all of the following:

"(1) The applicant is of good moral character.

2

"(2) Good cause exists for issuance of the license.

"(3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business.

"(4) The applicant has completed a course of training as described in Section 26165." (Stats. 2015, ch. 785, § 2 [former § 26150, subd. (a)].)[2]

In *New York State Rifle & Pistol Assn., Inc. v. Bruen* (2022) 597 U.S. 1 [213 L.Ed.2d 387] (*Bruen*), the United States Supreme Court held that the New York concealed-carry licensing scheme violated the Second Amendment because it provided that the state may issue a license only if the applicant shows "proper cause" for obtaining a license. (*Id.* at pp. 11, 70-71.) The "proper cause" requirement was interpreted by New York courts to require the applicant to demonstrate a special need for self-protection, such as by presenting evidence of threats, attacks, or other dangers. (*Id.* at pp. 12-13.) The United States Supreme Court struck down the New York licensing law, concluding the state cannot prevent law-abiding citizens with the ordinary need for self-defense from keeping and bearing arms. (*Id.* at pp. 70-71.)

---

[2] Former section 26155 similarly provided that "the chief or other head of a municipal police department of any city or city and county may issue a license" using the same criteria as those found in former section 26150. We will cite former section 26150 in this opinion, with the understanding that the reasoning also applies to former section 26155.

The provisions of former sections 26150 and 26155 are relevant here. Effective January 1, 2024, former section 26150, subdivision (a) was amended to replace "the sheriff of a county may issue" with "the sheriff of a county shall issue" and to eliminate the requirements that the applicant be of good moral character and that good cause exists for issuance of the license. (§ 26150; Stats. 2015, ch. 785, § 2.) Similar changes were made to former section 26155. (§ 26155; Stats. 2010, ch. 711, § 6.)

Here, defendants demurred to the information charging them with violation of sections 25400, subdivision (a)(1) and 25850, subdivision (a). Although there is no evidence or allegation that either defendant applied for, and was denied, a concealed-carry license, they asserted in the trial court that California's licensing law during the relevant time period (former § 26150) was invalid under *Bruen* because, like the New York licensing law, it provided that a California sheriff may issue a concealed-carry license only on a showing of good cause to obtain the license. They argued that, because California's licensing law was unconstitutional and having a license would have been a defense to prosecution for the firearm-carrying charges in this case, those charges had to be dismissed. The trial court agreed and dismissed the information because, in the trial court's words, "*Bruen* invalidated the only legal means by which the vast majority of Californians could exercise the right to public carry. Without a constitutional avenue to public carry, sections 25400 and 25850 become unconstitutional due to their total ban on public carry."

## DISCUSSION

Recent California Court of Appeal cases have rejected defendants' arguments concerning the constitutionality of sections 25400 and 25850.

## I

We begin with the validity of section 25400. In *Miller*, this court rejected the contention that a constitutional deficiency in the licensing statutes required the courts to dismiss firearm possession charges if having a license made the possession statute inapplicable. This court explained that the defendant "was charged with violating California's prohibition against concealed carry. (§ 25400.) She was not charged with failing to obtain a license per se, though obtaining one would have exempted her from the reach of the statute under which she was charged. (§ 25655.) Her arguments are based on the flawed premise that section 25400 is unconstitutional without a valid licensing scheme. In this case, we need not resolve [the defendant's] questions regarding the

4

constitutionality of California's firearm licensing statutes because, even if we were to conclude the licensing statutes are invalid, this would not render a charge under section 25400 unconstitutional as well." (*Miller, supra*, 94 Cal.App.5th at p. 943.) This court continued: "The constitutionality of California's concealed carry prohibition is not dependent upon the constitutionality of its licensing statutes because, while a license qualifies a holder for an exemption from the concealed carry provisions, the availability of this exemption is not constitutionally necessary. [Citations.]" (*Id*. at p. 945.) This court reversed the trial court's dismissal of the section 25400 charge against her. (*Miller,* at p. 946.)

As this court did in *Miller*, we conclude here that the validity of the section 25400 concealed-carry prohibition is not dependent on the constitutionality of the firearm licensing statutes. While the concealed-carry prohibition does not apply if the carrier has a valid license (§§ 25655, 26010), such an exception to the enforcement of the concealed-carry prohibition is not constitutionally necessary. (*Miller, supra*, 94 Cal.App.5th at p. 945.)

## II

We next turn to the validity of section 25850. In their demurrers, and again in this appeal, defendants have asserted that section 25850 is facially unconstitutional because the licensing scheme during the relevant time period had (A) a good cause requirement and (B) a good character requirement and because (C) it provided that a sheriff "may issue" a license.

## A

We begin with the claim that section 25850 is facially unconstitutional because the licensing scheme during the relevant time period had a good cause requirement.

The defendants in *Mosqueda, supra*, 97 Cal.App.5th 399, raised a facial constitutional challenge against section 25850 based on *Bruen*'s invalidation of the good cause requirement in a licensing statute. (*Mosqueda,* at pp. 401-403.) A panel of this

5

court held that under *Bruen*, the good cause requirement in California's licensing statutes was unconstitutional, but the requirement could constitutionally be severed from the remainder of the licensing statutes. (*Id.* at pp. 408-410.) *Mosqueda* held that the section 25850 charge did not violate the defendants' Second Amendment rights because, with the unconstitutional provisions severed, the licensing statutes were valid and provided "a valid means for citizens to exercise their right under *Bruen* to possess a handgun in public for self-defense . . . ." (*Mosqueda,* at p. 414.)

The trial court in the instant case sustained the demurrer based on its understanding that *Bruen* invalidated the only legal means by which most Californians could exercise the right to public carry. But the challenge based on the former good cause requirement fails because any good-cause deficiency during the relevant time period is severable and does not invalidate the remainder of the licensing statutes. (*Mosqueda, supra*, 97 Cal.App.5th at pp. 408-410, 413-414.)

B

Defendants further assert that the licensing scheme during the relevant time period was invalid because it included a requirement of good moral character.

Former section 26150 required proof that the applicant was of good moral character, in addition to other elements, for the issuance of a concealed-carry license. (*Mosqueda, supra*, 97 Cal.App.5th at p. 402.) Recognizing that *Bruen* did not address an element comparable to California's good moral character requirement but assuming for the sake of argument that the good moral character provision violated the Second Amendment, *Mosqueda* held that the good moral character provision was severable from the remainder of the licensing statutes, and because of that, the section 25850 charge did not violate the defendants' Second Amendment rights. (*Mosqueda,* at pp. 410-411, 413-414.) We similarly reject defendants' challenge to the section 25850 charge based on the former good moral character requirement in the licensing statutes.

## C

Defendants also contend the use of the phrase "may issue" in the licensing statute during the relevant time period, former section 26150, rendered the licensing scheme unconstitutional under *Bruen* because it gave the sheriff discretion to deny the license application even if the objective criteria, such as completing a firearms course, for example, were met. Former section 26150, subdivision (a) provided that "the sheriff of a county *may issue* a license to that person upon proof of all of the [requirements]." (Stats. 2015, ch. 785, § 2, italics added.) Indeed, *Bruen* characterized New York and California as "may issue" states because those states unconstitutionally imposed good cause requirements on the issuance of a license. The high court further approved the use of objective requirements for a license in so-called "shall issue" states that do not have good cause requirements. The distinction between "may issue" and "shall issue" states was not based on the use of language indicating the licensing entity "may issue" a license; it was based on whether the state required a showing of good cause.

The court in *Bruen* explained: "New York is not alone in requiring a permit to carry a handgun in public. But the vast majority of States -- 43 by our count -- are 'shall issue' jurisdictions, where authorities must issue concealed-carry licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses *based on a perceived lack of need or suitability*. Meanwhile, only six States and the District of Columbia have 'may issue' licensing laws, under which authorities have discretion to deny concealed-carry licenses even when the applicant satisfies the statutory criteria, *usually because the applicant has not demonstrated cause or suitability for the relevant license*. Aside from New York, then, only California, the District of Columbia, Hawaii, Maryland, Massachusetts, and New Jersey have analogues to the 'proper cause' standard." (*Bruen, supra*, 597 U.S. at pp. 13-14, fns. omitted, italics added.)

7

It was the official's discretion to deny a license based on a perceived lack of need or suitability that characterizes a "may issue" jurisdiction in *Bruen*. Indeed, in a footnote associated with the text just quoted, *Bruen* characterized Delaware as a "shall issue" jurisdiction even though the statute includes "may" in the authorization to issue a license. (*Bruen, supra*, 597 U.S. at p. 13, fn. 1.) In Delaware, a person "may be licensed" to carry a concealed weapon if the criteria are met. (Del. Code Ann., tit. 11, §1441 (2022).)

The description of California as a "may issue" state in *Bruen* was based on the good cause requirement, not the language of former section 26150 allowing the sheriff to decline to issue a license even if the requirements were met. Defendants have not established that the "may issue" language of former section 26150 was facially unconstitutional. (*Mosqueda, supra*, 97 Cal.App.5th at pp. 411-414.)

Accordingly, defendants' facial challenge to the constitutionality of section 25850, based on the validity of the licensing scheme, is without merit.

## DISPOSITION

The judgment is reversed and remanded with directions to overrule defendants' demurrers.

/S/
MAURO, Acting P. J.

We concur:


/S/
RENNER, J.


/S/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.